**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2085

PATRICIA L. TIMMINS, Acting Regional Director of the
Eleventh Region of the National Labor Relations Board, for
and on behalf of the National Labor Relations Board,

Petitioner - Appellant,

v.

NARRICOT INDUSTRIES, L.P.,

Respondent – Appellee,

SHIRLEY MAE LEWIS; HENRY VAUGHAN,

Intervenors/Defendants – Appellees.

No. 08-2087

PATRICIA L. TIMMINS, Acting Regional Director of the
Eleventh Region of the National Labor Relations Board, for
and on behalf of the National Labor Relations Board,

Petitioner - Appellee,

v.

NARRICOT INDUSTRIES, L.P.,

Respondent – Appellant,

and

SHIRLEY MAE LEWIS; HENRY VAUGHAN,

Intervenors.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:08-cv-00189-RBS-TEM)

---

Argued: September 23, 2009          Decided: January 7, 2010

---

Before KING and AGEE, Circuit Judges, and James P. JONES, Chief United States District Judge for the Western District of Virginia, sitting by designation.

---

Dismissed as moot and remanded with instructions to vacate by unpublished per curiam opinion.

---

**ARGUED:** John Andrew Mantz, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Patricia L. Timmins, Acting Regional Director of the Eleventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board. James Marion Powell, WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC, Greensboro, North Carolina, for Narricot Industries, L.P. William L. Messenger, NATIONAL RIGHT TO WORK LEGAL FOUNDATION, Springfield, Virginia, for Intervenors. **ON BRIEF:** Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Barry J. Kearney, Associate General Counsel, Judith I. Katz, Assistant General Counsel, Steven L. Sokolow, Deputy Assistant General Counsel, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Patricia L. Timmins, Acting Regional Director of the Eleventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board. J. Mark Sampson, WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC, Greensboro, North Carolina, for Narricot Industries, L.P.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia L. Timmins, Acting Regional Director of the Eleventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board (the "Board"), appeals the district court order denying the Board's petition for injunctive relief under § 10(j) of the National Labor Relations Act (the "NLRA"). Narricot Industries, L.P. ("Narricot") and Intervenors Shirley Mae Lewis and Henry Vaughan (the "Intervenors") both cross-appeal.

Before briefing concluded in these appeals, the Board moved this court, pursuant to Federal Rule of Appellate Procedure 42(b), to dismiss the appeal and cross-appeal as moot and remand the case to the district court with instructions to vacate the order denying the § 10(j) injunction. Both Narricot and Intervenors concede the appeals are moot but oppose vacatur. For the reasons detailed below, we grant the motion to dismiss and the Board's request for vacatur.

I.

On February 7, 2008, the Board issued a complaint against Narricot for certain unfair labor practices in connection with withdrawing its recognition from the United Brotherhood of Carpenters and Joiners of America, Carpenters Industrial

3

Council, Local No. 2316 (the "Union").[1]  On April 22, 2008, the Board petitioned the United States District Court for the Eastern District of Virginia to issue an injunction pursuant to § 10(j) of the NLRA, 29 U.S.C.A. § 160(j) (West 1998).  Section 10(j) provides that "[t]he Board shall have power, upon issuance of a complaint . . . to petition any United States district court . . . for appropriate temporary relief or restraining order."  29 U.S.C.A. § 160(j) (West 1998).  The Board sought to compel Narricot to recognize and bargain with the Union, rescind any or all of the unilateral changes made to the terms and conditions of hourly employment, and cease and desist from any alleged unfair labor practices, <u>until</u> the Board had an opportunity to complete its own administrative proceedings to determine if Narricot had in fact committed unfair labor practices.

On May 21, 2008, Narricot filed a motion to dismiss the § 10(j) petition. On June 20, 2008 the district court denied Narricot's motion but granted Narricot employees, Shirley Mae Lewis and Henry Vaughan, leave to intervene.

On July 24, 2008, the district court denied the injunction in a written opinion and order.  <u>Timmins v. Narricot Indus.,</u>

---

[1] The underlying labor dispute is described in detail in the decision of this court in the related case, <u>Narricot Indus., L.P., v. NLRB</u>, No. 09-1164 (4th Cir. Nov. 20, 2009).

L.P., 567 F. Supp. 2d 835 (E.D. Va. 2008).  The Board filed its notice of appeal in September 2008.  Soon after, Narricot filed notice of its cross-appeal, appealing both the lower court's denial of its motion to dismiss and the basis upon which the district court denied the injunction, but agreeing that denial of the injunction was nonetheless proper.  The Intervenors joined Narricot's cross-appeal.

On January 30, 2009, before briefing on the appeals was completed, the Board issued a decision and order in the underlying labor dispute, Narricot Industries, L.P., 353 N.L.R.B. No. 82 (Jan. 30, 2009), thus concluding the administrative proceedings against Narricot.  Consequently, on February 18, 2009, the Board moved this court to dismiss the instant appeal and cross-appeal as moot and vacate the lower court decision.

## II.

All the parties agree the appeals are moot and should be dismissed.  "[T]he question of mootness is [ ] one which a federal court must resolve before it assumes jurisdiction."  See North Carolina v. Rice, 404 U.S. 244, 246 (1971).  Without a real and concrete controversy, the minimum requirements of Article III of the Constitution are not met and this court has no power to issue a decision.  See id.

The appeals here arose out of the district court's determination of whether or not to issue the § 10(j) injunction. However, the Board only sought to enjoin Narricot until the completion of the Board's own administrative proceedings. When the Board issued its final decision and order on January 30, 2009, the period for which the injunction was requested ended and so did any controversy on which to base Article III jurisdiction. Accordingly, we find the instant case moot, and we dismiss the appeal and cross-appeal.

## III.

The only dispute that remains before this court, therefore, is whether the district court's § 10(j) decision should be vacated. As a court of appellate jurisdiction, we may vacate any lower court judgment that is lawfully brought before us for review. 28 U.S.C.A. § 2106 (West 2006). Recently, the Supreme Court emphasized that it should be the general practice of appellate courts to "vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which . . . was only preliminary.'" Alvarez v. Smith, No. 08-351, slip op. at 6 (U.S. Dec. 8, 2009) (alteration in original) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)).

6

Previously, in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, the Court stated that vacatur should be denied if "the party seeking relief from the judgment below caused the mootness by voluntary action." 513 U.S. 18, 24 (1994); see Mellen v. Bunting, 327 F.3d 355, 364 (4th Cir. 2003). For example, "where mootness results from settlement," as it did in Bancorp, "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." 513 U.S. at 25.

In Alvarez, however, the Court interpreted the definition of "voluntary action" narrowly, ruling that the Bancorp exception to vacatur only applied where mootness is the result of settlement or something that closely resembles settlement. Slip op. at 7-9. Here, the case did not become moot as a result of any type of agreement between the parties, but rather as a result of the final adjudication by the Board. Consequently, in light of Alvarez, we grant the Board's request for vacatur.

IV.

Pursuant to the foregoing, we grant the Board's motion to dismiss the instant appeals and remand this case to the district

7

court with instructions to vacate its order denying the § 10(j)

injunction.

DISMISSED AS MOOT AND REMANDED
WITH INSTRUCTIONS TO VACATE